IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVIN BORN., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: |
| | ) |
| LINCOLN LIFE ASSURANCE | ) |
| COMPANY OF BOSTON, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, DAVIN BORN., by his attorneys, MARK D. DEBOFSKY and DeBofsky Sherman Casciari Reynolds, P.C., and complaining against the Defendant, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, he states:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consists of a group long-term disability insurance policy underwritten and administered by the Lincoln Life Assurance Company of Boston ("Lincoln") for the benefit of employees of Keller Foundations LLC (Policy No. GF3-830-510544-01), which includes Plaintiff. Additionally, this action may be brought before this court pursuant to 28 U.S.C. 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative

or internal appeal of benefit denials. Those avenues of appeal have been exhausted prior to the filing of this Complaint.

3. Venue is proper in this district since Plaintiff worked in this district, participated in the employee benefit plan at issue within this district, and many of the events and occurrences relevant to this matter occurred within this district. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

### *Nature of the Action*

4. This is a claim seeking reinstatement of long-term disability insurance payments under Policy GF3-830-510544-01 (Claim No. 10207603) retroactive to February 19, 2021. A true and accurate copy of the Certificate of Coverage is attached hereto as Exhibit "A." This action is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks to recover attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g) and prejudgment interest pursuant to either 29 U.S.C. §§ 1132(a)(1)(B) of 1132(a)(3).

### *The Parties*

5. Plaintiff, Davin Born ("Born" or "Plaintiff"), is currently 46 years old (born in 1975) is and was at the time of benefit denial a citizen and resident of the State of Illinois.

6. Defendant, Lincoln Life Assurance Company of Boston, was at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois.

### *Statement of Facts*

7. Prior to December 31, 2019, Born was working on a full-time basis for Keller Foundations LLC as a Senior Project Manager. Born ceased working as of that date due to post-laminectomy syndrome and severe low back pain. After he stopped working, Born applied for long-term disability benefits and Lincoln approved his claim, commencing benefit payments on July 1, 2020 at a rate of $6,407.44 per month pursuant to the following Policy provisions:

"**Disability**" or "**Disabled**" means:

1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:

    Applicable to Class 1A, 1B, 2A, 2B, 3A, 3B:

    b. i. if the Covered Person is eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

    ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

    "**Own Occupation**" means the Covered Person's employment, business, trade or profession involving Material and Substantial Duties of the same general character as his regular and ordinary employment he was performing when his Disability or Partial Disability began. The Covered Person's Own Occupation is not limited to his job with his Employer.

8. Benefits were paid thereafter without interruption until February 19, 2021, when benefits were terminated even though Plaintiff's condition had not changed since he ceased working, and he continued to meet the foregoing Policy definition.

9. In substantial part, the denial was based on Defendant's misapprehension as to the nature of Plaintiff's occupation and misunderstanding as to the extensive physical demands of Born's occupation.

10. Plaintiff submitted a timely pre-suit appeal of the denial of benefits in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. With the appeal, Plaintiff provided additional documentation establishing the exertional demands of his occupation, along with medical evidence and a functional capacity evaluation which established that Plaintiff could not perform the duties

of his occupation. The functional capacity evaluation included tests of consistency of effort and reliability of pain reports, which objectively confirmed that Plaintiff put forth his maximum effort on the testing; and the results objectively showed that Born was unable to perform the physical duties of his occupation. Born also submitted updated medical records and reports establishing ongoing treatment for severe pain at levels that not only precluded him from working but also impacted his ability to perform activities of daily living and family activities. Sworn witness statements were also submitted with Plaintiff's appeal, which further corroborated Born's limitations.

11. Although Lincoln reassessed Born's occupation when it reviewed his appeal and agreed that it was more physically demanding than what had initially been determined, Lincoln upheld its denial based on a report from a non-examining doctor it retained who is frequently retained by insurers to assess disability benefit claims and whose report was biased and failed to take into consideration all of the evidence, and who rejected the functional capacity evaluation findings on specious grounds. In addition, neither the reviewing doctor nor Lincoln gave any consideration to the witness statements or to the record as a whole which showed that benefits were terminated despite a lack of material improvement in Plaintiff's condition. Nor did the Defendant consider the effect of Plaintiff's constant, unremitting pain on his ability to perform an occupation that is both physically and cognitively demanding and requires extensive travel to construction sites located throughout the United States.

12. Although the evidence Plaintiff submitted to Defendant was reliable and objectively proved that Born was unable to perform the duties of his occupation, Lincoln denied the appeal notwithstanding ERISA's obligation to provide claimants with a "full and fair review" as required by 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 and to apply fiduciary standards in

4

adjudicating Plaintiff's claim in accordance with 29 U.S.C. § 1104(a)(1).

13. Lincoln adjudicated Born's claim under a structural conflict of interest since it both adjudicated his claim and was the source of funding for the claim; and that conflict is a factor this Court must take into consideration at trial in accordance with *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105 (2008).

14. Following the denial of Plaintiff's appeal, this matter became ripe for adjudication.

15. Since the date of onset of his disability, Born has been and remains unable to perform the material and substantial duties of his regular occupation due to his impairments; and his is also incapable of performing any other occupation due to the severity of his impairments. Consequently, Plaintiff is entitled to a reinstatement of his benefits with payment of all benefits in arrears with interest, along with continuation of his payments so long as he continues to meet the Policy's definition of "disabled," which is substantially certain since Plaintiff's condition is chronic and degenerative.

### *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to reinstate Plaintiff's long-term disability benefits and pay benefits owed in arrears since February 19, 2021, as well as issue ongoing benefits conditioned upon Plaintiff continuing to meet the Policy's terms and conditions;

B. That the court award Plaintiff prejudgment interest on all overdue benefit payments;

C. That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g); and

D. That Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

October 8, 2021

Respectfully Submitted,

/s/ *Mark D. DeBofsky*
One of the Plaintiff's Attorneys

Mark D. DeBofsky (IL ARDC #3127892)
DeBofsky Sherman Casciari Reynolds P.C.
150 N. Wacker Dr., Suite 1925
Chicago, IL 60606
(312) 235-4880 (phone)
(312) 929-0309 (fax)